**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CALEB PAUL TOOTHMAN,

    Defendant - Appellant.

No. 25-5152
(D.C. No. 4:24-CR-00223-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Caleb Paul Toothman pleaded guilty to sexual abuse of a minor in Indian

Country (count one) and receipt of child pornography (count three).  The district

court sentenced him to 180 months in prison on count one, which was the statutory

maximum for that offense.  The district court sentenced him to 185 months in prison

for count three, which was below the statutory maximum of 240 months for that

offense.  The district court imposed the sentences to run consecutively.  Toothman

seeks to appeal his sentences.  The government filed a motion to enforce the appeal

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waiver contained in his plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *Id.* at 1325. Toothman argues the second and third factors weigh against enforcement of his appeal waiver.

### *Knowing and Voluntary Waiver*

To determine whether a waiver was knowing and voluntary, we examine the plea agreement's language and whether the district court conducted an adequate plea colloquy. *Id.*

The plea agreement and plea colloquy show a knowing and voluntary waiver. The plea agreement says explicitly that Toothman waived his rights knowingly and voluntarily. And during the plea colloquy, he claimed to understand that he was waiving the right to appeal his sentence unless it exceeded the statutory maximum. The plea colloquy shows that the court ensured that Toothman knowingly and voluntarily accepted the appeal waiver. Therefore, the record establishes that the waiver was knowing and voluntary.

### *Miscarriage of Justice*

Enforcing an appeal waiver will result in a miscarriage of justice only if: (1) the district court relied on an impermissible factor, such as race; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence

2

exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* at 1327.

Toothman argues his trial counsel provided ineffective assistance by incorrectly advising him about his potential prison sentences. But defendants generally must raise ineffective-assistance claims in collateral proceedings rather than on direct appeal. *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). That remains true even when the ineffective-assistance claim seeks to invalidate an appeal waiver. *Id.* Toothman neither acknowledges this general rule nor offers a reason for us to depart from it. We therefore decline to consider his arguments impugning trial counsel's advice.

Toothman has not shown that enforcing his waiver will result in a miscarriage of justice.

\*    \*    \*

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court


Per Curiam